UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA ANN MONTICCIOLO,

    Plaintiff,

vs.                                                                                  Case No. 11-15253

JAMES FOX, PETER DAME, AL GWYN, CITY
OF GROSSE POINTE, CITY OF GROSSE POINTE      HON. AVERN COHN
DEPARTMENT OF PUBLIC SAFETY,

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**DENYING PLAINTIFF'S MOTION TO REMAND (Doc. 4)**[1]

I. Introduction

This is an employment case. Plaintiff Lisa Ann Monticciolo is suing defendants James Fox, Peter Dame, Al Gwyn, the City of Grosse Pointe, and the City of Grosse Pointe Department of Public Safety. Essentially, plaintiff, a police officer for the City of Grosse Pointe, alleges that she has been subjected to sexual harassment, retaliated against for filing an EEO complaint, and denied a promotion to detective.

The complaint makes four claims, phrased by plaintiff as follows:

Count I: Disparate Treatment Under the Civil Rights Act, MCL 37.2101 et seq.

Count II: Retaliation Under the Civil Rights Act, MCL 37.2101 et seq.

---

[1]Although originally scheduled for hearing, the Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(2).

1

Count III: Sexual Harassment Under the Civil Rights Act, MCL 37.2101 et seq.

Count IV: Retaliation as Prohibited by Title VII of the Civil Rights Act of 1964

Defendants removed the case to federal court based on federal question jurisdiction. Before the Court is plaintiff's motion to remand. Plaintiff argues that because she has not received her right-to-sue letter from the EEOC, the Court does not have jurisdiction over her Title VII claim and therefore the case must be remanded.

For the reasons that follow, the motion is DENIED.

## II. Background

On November 15, 2011, plaintiff filed her complaint in state court. On November 30, 2011, defendants removed the case to federal court on the grounds that Count IV, claiming a violation of Title VII, confers federal question jurisdiction.

On December 6, 2011, plaintiff filed a motion to remand.

On December 19, 2011, the Court held a status conference with the parties. The Court's notes from the conference indicate that the motion to remand will be set for hearing or be withdrawn. The Court also gave plaintiff permission to file an amended complaint. A minute entry on the docket sheet reads "Pltf to file Amended Cmp by 01/13/12." To date, however, plaintiff has not filed an amended complaint.

## III. Analysis

District courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. With regard to Title VII claims, the states and federal government share concurrent jurisdiction. Yellow Freight Sys., Inc. v. Donnelly, 494 U.S. 820, 831 (1990). Nonetheless, a complaint which asserts a claim based on a federal statute, such as Title VII, may be removed

regardless of the citizenship of the parties. 28 U.S.C. § 1441(b). Whenever a federal claim is joined with "one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates." Id. § 1441(c). "The district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).

In order to bring a Title VII claim, a plaintiff must do two things: (1) timely file a charge of discrimination with the EEOC and (2) receive, and timely act upon, a right-to-sue letter issued by the EEOC. Puckett v. Tenn. Eastman Co., 889 F.2d 1481, 1486 (6th Cir. 1989); see 42 U.S.C. § 2000e–5(f)(1). A plaintiff cannot bring a Title VII action until he or she has complied with both requirements. Patterson v. McLean Credit Union, 491 U.S. 164, 180–81 (1989) superceded in part on other grounds by the Civil Rights Act of 1991.

The Sixth Circuit has held that "[r]eceipt of a right-to-sue letter from the EEOC is a condition precedent to filing a Title VII action," in federal court. Rivers v. Barberton Bd. of Educ., 143 F.3d 1029, 1031. The Sixth Circuit also held, however, that this prerequisite is not a jurisdictional requirement. Rivers, 143 F.3d at 1032. Thus, the failure of plaintiff to obtain her right-to-sue letter before filing her complaint does not deprive the Court of jurisdiction.

Rather, a failure to obtain a right-to-sue letter merits dismissal without prejudice. Dixon v. Ohio Dep't of Rehab. & Corr., 181 F.3d 100, 1999 WL 282689, at *1 (6th Cir.

Apr. 28, 1999). The Sixth Circuit has also said that because the requirement is not jurisdictional, plaintiff may cure this defect after filing the complaint by informing the court that she has obtained a right-to-sue letter, but plaintiff must do so before defendant moves for dismissal. Portis v. State of Ohio, 141 F.3d 632, 634 (6th Cir.1998). Here, defendants have not moved for dismissal and plaintiff still has an opportunity to remedy the defect once she receives her right-to-sue letter.

Overall, the complaint as it now stands contains a Title VII claim over which the Court has original jurisdiction. A remand is not warranted.

SO ORDERED.


                                                  S/Avern Cohn  
                                                  AVERN COHN  
                                                  UNITED STATES DISTRICT JUDGE

Dated: February 7, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 7, 2012, by electronic and/or ordinary mail.

                                                  S/Julie Owens  
                                                  Case Manager, (313) 234-5160