UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA ANN MONTICCIOLO,

    Plaintiff,

v.                                                                    Case No. 11-15253

JAMES FOX, PETER DAME, AL GWYN,
and CITY OF GROSSE POINTE,                    HON. AVERN COHN

    Defendants.
_____/

**MEMORANDUM AND ORDER
DENYING DEFENDANTS' MOTION
<u>FOR RECONSIDERATION (Doc. 43)</u>**

**I. INTRODUCTION**

This is an employment case. Plaintiff Lisa Ann Monticciolo sued defendants James Fox, Peter Dame, Al Gwyn, and the City of Grosse Pointe. Plaintiff, a public service officer for the City of Grosse Pointe, claimed that she has been subjected to sexual harassment and a hostile work environment, retaliated against for filing an Equal Employment Opportunity ("EEO") complaint, and denied a promotion to detective because of her gender.

The first amended complaint was in five counts, phrased by plaintiff as follows:

Count I:    Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*;

Count II:   Violation of the Elliott-Larsen Civil Rights Act, MCLA §§ 37.2102, *et seq.* ("ELCRA");

Count III:  Violation of the Whistleblower Protection Act, MCLA §§ 15.361, *et seq.*;

    Count IV:    Hostile Work Environment - Sexual Harassment; and

    Count V:    Failure to Supervise/Negligent Supervision.

On May 16, 2013, the Court granted in part and denied in part defendants' motion for summary judgment (Doc. 40). The Court dismissed all the claims against defendants Fox and Gwyn and entered judgment in their favor. (Docs. 40, 41). In addition, the Court dismissed Counts III–V against remaining defendants Dame and Grosse Pointe. Thus, Count I (Title VII) and Count II (ELCRA) are the only claims remaining.

Now before the Court is defendants Dame's and the City of Grosse Pointe's motion for reconsideration of the Court's order denying summary judgment on Counts I and II of the first amended complaint (Doc. 43). For the reasons that follow, the motion is DENIED.

## II. STANDARD OF REVIEW

The local rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Defendants' motion is timely.

No response or oral argument is allowed on a motion for reconsideration unless the court orders otherwise. E.D. Mich. LR 7.1(h)(2). Here, the Court ordered plaintiff to file a response. (Doc. 44). Plaintiff filed a response. (Docs. 45, 46).

The Court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the

defect will result in a different disposition of the case." *Id.* A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001).

## IV. DISCUSSION

### A. The Court's Memorandum and Order

Plaintiff claims that she was not promoted to the detective position because of discrimination. The Court allowed the Title VII and ELCRA claims to proceed against Grosse Pointe and Dame (Doc. 40).

As explained in the memorandum and order denying summary judgment to the City of Grosse Pointe and Dame, discrimination cases brought under Title VII and ELCRA "are analyzed under the same evidentiary framework. . . ." *Ondricko v. MGM Grand Detroit, LLC*, 689 F.3d 642, 648–49 (6th Cir. 2012). Where a plaintiff relies on circumstantial evidence to prove her prima facie case of discrimination, the burden shifting framework of *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973) applies. The plaintiff must first prove a prima facie case of discrimination. If the plaintiff successfully proves a prima facie case of discrimination, the burden shifts to the defendant to "provide a legitimate, nondiscriminatory reason for promoting the other employee." *Warf v. U.S. Dept. Of Veterans Affairs*, 713 F.3d 874, 879 (6th Cir. 2013) (citation omitted). If the employer provides a nondiscriminatory reason for declining to promote the plaintiff, the burden shifts back to the plaintiff to show that the decision was pretext for discrimination. *McDonnell Douglas*, 411 U.S. at 802.

Applying *McDonnell Douglas*, the Court determined that plaintiff established a prima facie case of discrimination, defendants offered a nondiscriminatory reason for declining

to promote plaintiff, and plaintiff established a genuine issue of material fact whether the decision not to promote her was a pretext for discrimination.

Defendants say that the Court was misled in finding a genuine issue of material fact regarding the third prong of the *McDonnell Douglas* test. As to the third prong, the Court listed three reasons why genuine issues of material fact prevent summary judgment:

1. Grosse Pointe coincidentally created a new interview protocol that it had never used before at the same time plaintiff applied for a lateral promotion;

2. The interview protocol used multiple subjective components in contravention to the EEOC's Uniform Guidelines on Employee Selection Procedure ("UGESP"); and

3. Fox and Gwyn who did the evaluation did not take any contemporaneous notes during the interview process supporting defendants' explanation that another employee scored higher than plaintiff in the interview process.

### B. Defendants' Motion for Reconsideration

Defendants City of Grosse Pointe and Dame say that the Court has been misled in finding material factual issues. They say that the new interview protocol was not created in response to plaintiff's application for promotion to detective. Rather, they contend that the new interview protocol was created because this was the first time Grosse Pointe was internally promoting a public service officer to detective, and Fox the Chief of Police wanted to eliminate Grosse Pointe's practice of allowing the chief to hand pick employees for promotion. Fox explained at his deposition:

> I had previously gone through a potential grievance with the union. I think it was on directed placement officers and directed patrol. And their contention was the chiefs previous to me had always picked their favorites to go to these positions.
>
> And the compromise I came up with, with them, was to develop a policy and procedure that would allow any interested parties

within the department to test for these positions.

(Doc. 32-2 at 17, Fox Dep.).

Further, the City of Grosse Pointe and Dame say that it is not disputed that the new interview protocol was developed two weeks before plaintiff applied for the promotion.

Even if the new interview protocol was in place two weeks before plaintiff applied for the promotion, however, there are disputed factual issues. First, as the Court explained in the memorandum and order, the questions used in the interview protocol were subjective and not validated. The EEOC's Uniform Guidelines on Employee Selection Procedure ("UGESP"), which the Supreme Court has reasoned are entitled to great deference, provide that employment tests must be validated by content, construct, or criterion. *See* 29 C.F.R. § 1607.16D–F.

Here, there are fact issues surrounding the validity of the interview protocol under the UGESP. The City of Grosse Pointe and Dame say that the test questions were representative of the important aspects of the successful performance of the detective position. Content validity is "demonstrated by data showing that the content of a selection procedure is representative of important aspects of performance on the job." 29 C.F.R. § 1607.16D. Content validation, another court has stated, "is appropriate where the selection procedure measures tasks constituting a relatively complete sample of those required by the job, that is, for jobs requiring only a few simple tasks." *Gilbert v. City of Little Rock, Ark.*, 799 F.2d 1210, 1214 (8th Cir. 1986). Here, there is a question of fact whether the questions adequately represented a complete sample of the duties of the detective position. A jury may conclude that the questions did not represent a complete sample of the detective duties and that the interview protocol was used as a mask for gender

5

discrimination.

Second, even assuming *arguendo* that the interview protocol withstands scrutiny under the UGESP, there are questions of material fact regarding the scoring of the candidates. Although the City of Grosse Pointe and Dame provide notes which they say were taken contemporaneously with the interviews, the majority of questions required a subjective assessment of the candidates. Drawing all reasonable inferences in favor of plaintiff may lead a jury to conclude that she did not receive the promotion because of her gender. In addition, some of the scoring does not appear to be consistent. For example, as the Court explained in the memorandum and order, the scores for the category "years of experience" were not uniform among the candidates. The validity of the protocol and the questions must be resolved by a jury.

For the above reasons, reconsideration is unwarranted.

### C. Defendant Peter Dame

Defendant Dame also says that the Court mistakenly found that he, Grosse Pointe's city manager, made the ultimate decision of who to promote. In the memorandum and order, the Court stated that, "Grosse Pointe, through Dame, made the decision to promote Lee and not plaintiff." This statement was in error. Defendants are correct that Dame testified at his deposition that he was not directly involved in the decision-making process. Nevertheless, as the city manager, Dame was the ultimate decision maker for Grosse Pointe. Dame admitted as much in his deposition. Responding to a question which asked why the police chief told him about the open position, Dame stated "I would expect him to tell me." (Doc. 32-7 at 9, Dame Dep.). Indeed, Dame testified at his deposition that he has ultimate approval power:

6

>Yes. Before someone is formally appointed, I have to sign off on a piece of paper that says that this person is – their position has changed from one position to another, yes.

(*Id.*). Dame is, therefore, an appropriate defendant.

## V. CONCLUSION

For the reasons stated above, reconsideration was denied. Defendants have not stated a palpable defect with the memorandum and order that requires reconsideration. It is for the jury to decide whether the decision not to promote plaintiff was pretext for discrimination.

SO ORDERED.

      S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated: June 24, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, June 24, 2013, by electronic and/or ordinary mail.

      S/Sakne Chami
      Case Manager, (313) 234-5160